IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOEL ALLEN, individually,  and as Administrator of the Estate of Carolyn Allen, deceased | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:16-cv-1874-MHC |
| TOYOTA MOTOR SALES, U.S.A., INC., TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., TOYOTA MOTOR NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, ASBURY AUTOMOTIVE GROUP, INC., as successor in interest to PHIL SMITH MANAGEMENT, INC., PHIL SMITH MANAGEMENT, INC. a/k/a PHIL SMITH AUTOMOTIVE GROUP d/b/a STONECREST TOYOTA, and GROUP ONE AUTOMOTIVE GROUP, INC. d/b/a WORLD TOYOTA | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES OF
## TOYOTA MOTOR SALES, U.S.A., INC.

COMES NOW Toyota Motor Sales, U.S.A., Inc., ("TMS"), defendant in the

above-styled action, and files this its Answer and Defenses to plaintiff's Complaint

and respectfully shows the Court as follows:

## DEFENSES TO THE COMPLAINT AS A WHOLE

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

TMS reserves all defenses available under O.C.G.A. §§ 9-10-31.1 and 51-12-33.

### THIRD DEFENSE

TMS denies that it is indebted or liable to plaintiff in any manner or amount whatsoever.

### ANSWERING THE INDIVIDUALLY NUMBERED PARAGRAPHS IN PLAINTIFF'S COMPLAINT

### Parties, Jurisdiction and Venue

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Parties, Jurisdiction and Venue" as follows:

1.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of plaintiff's Complaint.

3.

TMS admits that it is a California corporation with its principal place of business at 19001 South Western Avenue, Torrance, California.  TMS further admits that it is authorized to do business in Georgia and that it may be served with process within the State of Georgia through its duly appointed and registered agent, Corporation Process Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Gwinnett County, Georgia, 30097.  TMS denies that it committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court, and denies any remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4.

TMS admits that Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is a Kentucky corporation with its principal place of business at 25 Atlantic Avenue, Erlanger, Kentucky.  TMS further admits that, upon information and belief, TEMA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 306 W. Main

Street, Suite 512, Frankfort, Kentucky 40601. TMS denies that TEMA has committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court, and denies any remaining allegations contained in paragraph 4 of plaintiff's Complaint.

5.

TMS admits that Toyota Motor North America, Inc. ("TMNA") is a California corporation. TMS further admits that, upon information and belief, TMNA may be served with process through its duly appointed and registered agent, CT Corporation System, located at 818 W. Seventh Street, Los Angeles, California 90017. TMS denies that TMNA has committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court, and denies any remaining allegations contained in paragraph 5 of plaintiff's Complaint.

6.

TMS admits that Toyota Motor Corporation ("TMC") is a Japanese corporation with its principal place of business located at 1 Toyota-Cho, Toyota City, Aichi Prefecture, 471-3571, Japan. TMS further admits that the Convention On The Service Abroad of Judicial or Extrajudicial Documents in Civil or Commercial Matters ("The Hague Convention") is the exclusive means for service of process upon TMC. TMS admits that TMNA is a subsidiary of TMC. TMS

4

denies that TMC has committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court, and denies any remaining allegations contained in paragraph 6 of plaintiff's Complaint.

7.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint.

8.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint.

9.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint.

10.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint.

11.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint.

12.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of plaintiff's Complaint.

13.

TMS denies that it committed any tortious acts or omissions that would subject it to the jurisdiction and venue of this Court.

14.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla.  TMS does not design, developmentally test, manufacture, or assemble Toyota, Lexus or Scion motor vehicles in the ordinary course of its business and TMS was not responsible for the design, developmental testing, manufacture, or assembly of the subject 2009 Toyota Corolla in this case.  TMS denies the remaining allegations in paragraph 14 of plaintiff's Complaint to the extent they refer to TMS.

15.

TMS denies the allegations contained in paragraph 15 of plaintiff's Complaint.

16.

TMS denies the allegations contained in paragraph 16 of plaintiff's
Complaint.

### Facts Common to All Counts

TMS answers each individually numbered paragraph from the section of
plaintiff's Complaint entitled "Facts Common to All Counts" as follows:

A:    The Death of Carolyn Allen

17.

TMS denies that the subject vehicle was defective or unreasonably
dangerous in any manner, and denies any allegations in paragraph 17 of plaintiff's
Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge
or information sufficient to form a belief as to the truth of the remaining
allegations contained in paragraph 17 of plaintiff's Complaint.

18.

TMS denies that the subject vehicle was defective or unreasonably
dangerous in any manner, and denies any allegations in paragraph 18 of plaintiff's
Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge
or information sufficient to form a belief as to the truth of the remaining
allegations contained in paragraph 18 of plaintiff's Complaint.

19.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies any allegations in paragraph 19 of plaintiff's Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of plaintiff's Complaint.

20.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies any allegations in paragraph 20 of plaintiff's Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of plaintiff's Complaint.

21.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies any allegations in paragraph 21 of plaintiff's Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of plaintiff's Complaint.

22.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies any allegations in paragraph 22 of plaintiff's Complaint that relate the subject 2009 Toyota Corolla.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of plaintiff's Complaint.

23.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies that it is in any way responsible for the subject accident or for plaintiff's injuries.  TMS is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in paragraph 23 of plaintiff's Complaint.

B.     The Toyota Electronic Throttle Control System, its Susceptibility to Unintended Acceleration, and the Failure of its Failsafes

24.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS admits, upon information and belief, that the subject vehicle is equipped with an Electronic Throttle Control System with Intelligence ("ETCS-i").  TMS denies the remaining allegations contained in paragraph 24 of plaintiff's Complaint as stated.

9

25.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS denies the allegations contained in paragraph 25 of plaintiff's Complaint as stated.

26.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS denies the allegations contained in paragraph 26 of plaintiff's Complaint as stated.

27.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS denies the allegations contained in paragraph 27 of plaintiff's Complaint as stated.

28.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS denies the allegations contained in paragraph 28 of plaintiff's Complaint as stated.

29.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS

admits that, upon information and belief, when the ETCS-i was first introduced, it was comprised of numerous components, redundancies and fail safe measures. TMS denies the remaining allegations contained in paragraph 29 of plaintiff's Complaint as stated.

30.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS admits, upon information and belief, that a 2002 version of the ETCS-i was comprised of numerous components, redundancies and fail safe measures.  TMS denies the remaining allegations contained in paragraph 30 of plaintiff's Complaint as stated.

31.

TMS is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States.  TMS admits, upon information and belief, that the 2009 Toyota Corolla was equipped with an ETCS-i system comprised of numerous components, redundancies and fail safe measures.  TMS denies the subject vehicle was defective or unreasonably dangerous in any manner.  TMS denies the remaining allegations contained in paragraph 31 of plaintiff's Complaint.

32.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies any allegations in paragraph 32 of plaintiff's Complaint that relate the subject 2009 Toyota Corolla. TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32 of plaintiff's Complaint.

33.

TMS denies the allegations contained in paragraph 33 of plaintiff's Complaint.

34.

TMS denies the allegations contained in paragraph 34 of plaintiff's Complaint.

35.

TMS denies the allegations contained in paragraph 35 of plaintiff's Complaint.

36.

TMS denies the allegations contained in paragraph 36 of plaintiff's Complaint.

37.

TMS denies the allegations contained in paragraph 37 of plaintiff's Complaint.

38.

TMS denies the allegations contained in paragraph 38 of plaintiff's Complaint.

39.

TMS denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40.

TMS denies the allegations contained in paragraph 40 of plaintiff's Complaint, including subparts (a)-(c).

41.

TMS denies the allegations contained in paragraph 41 of plaintiff's Complaint.

42.

TMS denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43.

TMS is without knowledge or information sufficient to form a belief as to the truth of the allegation that the subject 2009 Toyota Corolla was not equipped with a brake override system.  TMS denies that the subject vehicle was defective or unreasonably dangerous in any manner, and denies the remaining allegations contained in paragraph 43 of plaintiff's Complaint.

44.

TMS denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45.

TMS denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46.

TMS denies the allegations contained in paragraph 46 of plaintiff's Complaint.

C.  Toyota's response to reports of unintended acceleration: blame Floor Mats and Sticky Pedals, while ignoring defects in the ETCS' software

47.

TMS states that the allegations contained in paragraph 47 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons,

TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

48.

TMS states that the allegations contained in paragraph 48 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

49.

TMS admits that Safety Recall 90L was issued in the year 2009, and the announcement and related documents speak for themselves regarding the involved vehicle condition and remedy.  TMS admits that 90L applied to the subject 2009 Toyota Corolla and was completed on July 3, 2010, before the May 20, 2014 crash.  TMS further states that Safety Recall 90L is unrelated to plaintiff's ETCS-i allegations in this case.  TMS denies any remaining allegations contained in paragraph 49 of plaintiff's Complaint.

15

50.

TMS admits that Safety Recall A0A was issued in the year 2010, and the Campaign announcement and related documents speak for themselves regarding the involved vehicle condition and remedy.  TMS further admits that Safety Recall A0A did not include the subject 2009 Toyota Corolla.  TMS also states that A0A is unrelated to plaintiff's ETCS-i allegations in this case.  TMS denies any remaining allegations contained in paragraph 50 of plaintiff's Complaint.

51.

TMS states that the allegations contained in paragraph 51 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.  TMS further denies the subject vehicle was defective or unreasonably dangerous in any manner, and denies that it is responsible for plaintiff's alleged damages in any way.

D.    Carolyn Allen's 2009 Toyota Corolla had a documented history of uncorrected UA events that had nothing to do with floor mats, sticky accelerator pedals or driver error.

52.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of plaintiff's Complaint.

53.

TMS admits that Safety Recall 90L applied to the subject 2009 Toyota Corolla and was completed on July 3, 2010, before the May 20, 2014 crash.  TMS denies the remaining allegations contained in paragraph 53 of plaintiff's Complaint.

54.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of plaintiff's Complaint.

55.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of plaintiff's Complaint.

56.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of plaintiff's Complaint.

57.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of plaintiff's Complaint.

58.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of plaintiff's Complaint.

59.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of plaintiff's Complaint.

60.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control, and denies that it is responsible for plaintiff's alleged damages in any way.  TMS denies any remaining allegations contained in paragraph 60 of plaintiff's Complaint.

## COUNT ONE: STRICT PRODUCT LIABILITY: DEFECT IN DESIGN, MANUFACTURE AND/OR ASSEMBLY

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Count One: Strict Product Liability: Defect in Design, Manufacture and/or Assembly" as follows:

61.

TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-60 of plaintiff's Complaint, set forth above.

62.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla.  TMS does not design, developmentally test, manufacture, or assemble Toyota, Lexus or Scion motor vehicles in the ordinary course of its business and TMS was not responsible for the design, developmental testing, manufacture, or assembly of the subject 2009 Toyota Corolla in this case.  TMS denies any remaining allegations contained in paragraph 62 of plaintiff's Complaint.

63.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla.  TMS denies the remaining allegations contained in paragraph 63 of plaintiff's Complaint.

64.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 64 of plaintiff's Complaint.

65.

The allegations contained in paragraph 65 of plaintiff's Complaint constitute legal conclusions to which no response is required from TMS.  However, to the extent a response is required, TMS denies the allegations contained in paragraph 65 of plaintiff's Complaint.

66.

The allegations contained in paragraph 66 of plaintiff's Complaint constitute legal conclusions to which no response is required from TMS.  However, to the extent a response is required, TMS denies that it designed, engineered, developed, manufactured, and assembled the subject 2009 Toyota Corolla, and further denies the remaining  allegations contained in paragraph 66 of plaintiff's Complaint.

67.

The allegations contained in paragraph 67 of plaintiff's Complaint constitute legal conclusions to which no response is required from TMS.  However, to the extent a response is required, TMS denies the allegations contained in paragraph 67 of plaintiff's Complaint.

68.

The allegations contained in paragraph 68 of plaintiff's Complaint constitute legal conclusions to which no response is required from TMS.  However, to the

extent a response is required, TMS denies the allegations contained in paragraph

68 of plaintiff's Complaint.  TMS denies that it is in any way responsible for the

subject accident and for plaintiff's alleged injuries.

69.

TMS denies the allegations contained in paragraph 69 of plaintiff's

Complaint.  TMS denies that it is liable to plaintiff in any manner or amount

whatsoever, denies that it is responsible for plaintiff's alleged damages in any way,

and denies that it is indebted to plaintiff in any manner or amount whatsoever.

## COUNT TWO: STRICT PRODUCT LIABILITY: FAILURE TO WARN OF DEFECT IN DESIGN, MANUFACTURE AND/OR ASSEMBLY

TMS answers each individually numbered paragraph from the section of

plaintiff's Complaint entitled "Count Two: Strict Product Liability: Failure to

Warn of Defect in Design, Manufacture and/or Assembly" as follows:

70.

TMS incorporates by reference, as if set forth fully verbatim herein, its

answers and defenses to paragraphs 1-69 of plaintiff's Complaint, set forth above.

71.

TMS denies the allegations contained in paragraph 71 of plaintiff's

Complaint.

72.

TMS denies the allegations contained in paragraph 72 of plaintiff's Complaint.

73.

TMS denies the allegations contained in paragraph 73 of plaintiff's Complaint.

74.

TMS denies the allegations contained in paragraph 74 of plaintiff's Complaint, including subparts (a)-(c).

75.

TMS denies the allegations contained in paragraph 75 of plaintiff's Complaint. TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.

## COUNT THREE: NEGLIGENT DESIGN, MANUFACTURE AND/OR ASSEMBLY – PRODUCT LIABILITY OF DEFENDANTS

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Count Three: Negligent Design, Manufacture and/or Assembly – Product Liability of Defendants" as follows:

76.

TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-75 of plaintiff's Complaint, set forth above.

77.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla, but denies the duties and obligations as stated in paragraph 77 of plaintiff's Complaint.  TMS further denies that it breached any duties or obligations related to the subject vehicle.  TMS denies that the subject vehicle was defective or unreasonably dangerous in any way.  TMS denies the remaining allegations contained in paragraph 77 of plaintiff's Complaint.

78.

TMS denies the allegations contained in paragraph 78 of plaintiff's Complaint.

79.

TMS denies the allegations contained in paragraph 79 of plaintiff's Complaint, including subparts (a)-(h).

80.

TMS denies the allegations contained in paragraph 80 of plaintiff's Complaint.  TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.

## COUNT FOUR: NEGLIGENT FAILURE TO WARN – PRODUCT LIABILITY OF DEFENDANTS

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Count Four: Negligent Failure to Warn – Product Liability of Defendants" as follows:

81.

TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-80 of plaintiff's Complaint, set forth above.

82.

TMS denies the allegations contained in paragraph 82 of plaintiff's Complaint.

83.

TMS denies the allegations contained in paragraph 83 of plaintiff's Complaint.

84.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any way.  TMS denies the remaining allegations contained in paragraph 84 of plaintiff's Complaint to the extent they refer to TMS.

85.

TMS denies that the subject vehicle was defective or unreasonably dangerous in any way.  TMS denies the remaining allegations contained in paragraph 85 of plaintiff's Complaint to the extent they refer to TMS.

86.

TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.  TMS denies the allegations contained in paragraph 86 of plaintiff's Complaint to the extent they refer to TMS.

**COUNT FIVE: FRAUDULENT CONCEALMENT/SUPPRESSION OF MATERIAL FACT**

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Count Five: Fraudulent Concealment/Suppression of Material Fact" as follows:

87.

TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-86 of plaintiff's Complaint, set forth above.

88.

TMS denies the allegations contained in paragraph 88 of plaintiff's Complaint.

89.

TMS states that the allegations contained in paragraph 89 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

90.

TMS states that the allegations contained in paragraph 90 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the

allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

91.

TMS states that the allegations contained in paragraph 91 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

92.

TMS denies the allegations contained in paragraph 92 of plaintiff's Complaint.

93.

TMS states that the allegations contained in paragraph 93 of plaintiff's Complaint are vague, ambiguous and overbroad, and for those and other reasons, TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

94.

TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.  TMS is without knowledge or information sufficient to form a belief as to the truth of these allegations, and therefore denies them.  TMS specifically denies the allegations being made by plaintiff that the ETCS-i in Toyota vehicles, including the subject 2009 Toyota Corolla, is defective.

95.

TMS denies the allegations contained in paragraph 95 of plaintiff's Complaint.

96.

TMS denies the allegations contained in paragraph 96 of plaintiff's Complaint.

97.

TMS denies the allegations contained in paragraph 97 of plaintiff's Complaint.  TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.

## COUNT SIX: BREACH OF IMPLIED WARRANTY

TMS answers each individually numbered paragraph from the section of plaintiff's Complaint entitled "Count Six: Breach of Implied Warranty" as follows:

98.

TMS incorporates by reference, as if set forth fully verbatim herein, its answers and defenses to paragraphs 1-97 of plaintiff's Complaint, set forth above.

99.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla, but denies the duties and obligations as stated in paragraph 99 of plaintiff's Complaint.  TMS denies that it breached any duties or obligations related to the subject vehicle.  TMS denies that the subject vehicle was defective or unreasonably dangerous in any way.  TMS denies the remaining allegations contained in paragraph 99 of plaintiff's Complaint.

100.

TMS admits that it is the authorized importer and a distributor of Toyota, Lexus and Scion motor vehicles in certain geographic areas of the continental United States, including the subject 2009 Toyota Corolla, but denies the duties and

30

obligations as stated in paragraph 100 of plaintiff's Complaint.  TMS denies that it breached any duties or obligations related to the subject vehicle.  TMS denies that the subject vehicle was defective or unreasonably dangerous in any way.  TMS denies the remaining allegations contained in paragraph 100 of plaintiff's Complaint.

101.

TMS denies the subject vehicle was defective or unreasonably dangerous in any manner when it left TMS' possession, custody or control.  TMS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 101 of plaintiff's Complaint.

102.

TMS denies the allegations contained in paragraph 102 of plaintiff's Complaint.

103.

TMS denies the allegations contained in paragraph 103 of plaintiff's Complaint.  TMS denies that it is liable to plaintiff in any manner or amount whatsoever, denies that it is responsible for plaintiff's alleged damages in any way, and denies that it is indebted to plaintiff in any manner or amount whatsoever.

104.

As there are no allegations regarding TMS contained in paragraph 104 of plaintiff's Complaint, no response is required from TMS.  TMS reserves the right to object to any proposed amendment to plaintiff's Complaint, and the right to object to any proposed additional parties or claims.

Answering the "WHEREFORE" paragraph following paragraph 104, TMS denies that it is liable to plaintiff in any way; denies that it is responsible for plaintiff's alleged damages in any way; and denies that it is indebted to plaintiff in any manner or amount whatsoever.

## FOURTH DEFENSE

TMS states that plaintiff's and plaintiff's decedent's injuries and damages may have been caused by an intervening, superseding action for which TMS is in no way liable.

## FIFTH DEFENSE

TMS states that the sole proximate cause of the injuries and damages alleged in plaintiff's Complaint was the actions, nonactions or negligence of a person or persons, other than TMS whose actions, nonactions or negligence TMS is in no way liable.  Plaintiff is not, therefore, entitled to recover from TMS in this action.

## SIXTH DEFENSE

TMS states that the sole proximate cause of the injuries and damages alleged in plaintiff's Complaint was the combination of the actions, nonactions or negligence of a person or persons, other than TMS for whose actions, nonactions or negligence TMS is in no way liable.  Plaintiff is not, therefore, entitled to recover from TMS in this action.

## SEVENTH DEFENSE

TMS states that plaintiff's decedent may have failed to exercise ordinary care for her own protection.  Plaintiff is not, therefore, entitled to recover from TMS in this action.

## EIGHTH DEFENSE

TMS states that the injuries alleged by plaintiff are or may be due to plaintiff's decedent's own comparative negligence, thereby barring or reducing plaintiff's recovery from TMS.

## NINTH DEFENSE

TMS states that plaintiff's decedent may have assumed the risk.  Plaintiff is not, therefore, entitled to recover from TMS in this action.

## TENTH DEFENSE

TMS states that the sole proximate cause of the alleged injuries and alleged damages suffered by plaintiff may have been the misuse, abuse, and/or modification of the product in question for which TMS is in no way responsible. Plaintiff is not, therefore, entitled to recover from TMS in this action.

## ELEVENTH DEFENSE

The product in question was not dangerous when used in a reasonable and foreseeable manner and for its intended purpose.

## TWELFTH DEFENSE

TMS is informed and believes and on that basis alleges that at the time the vehicle referred to in the Complaint was originally sold and delivered, it comported with the state of the art at the time of manufacture and complied with all applicable government standards and requirements.

## THIRTEENTH DEFENSE

TMS is informed and believes and on that basis alleges that the vehicle referred to in the Complaint was misused or improperly maintained.  That misuse or improper maintenance reasonably caused or contributed to the happening of the alleged incident and to the alleged injuries, loss and alleged damages, if any.

## FOURTEENTH DEFENSE

TMS is informed and believes and on that basis alleges that plaintiff's agents negligently or intentionally failed to preserve and permitted the spoliation of material evidence that plaintiff alleges give rise to the allegations in the Complaint. Such conduct bars plaintiff's action and/or gives rise to evidentiary sanctions against plaintiff and/or other remedies for TMS.

## FIFTEENTH DEFENSE

TMS is informed and believes and on that basis alleges that plaintiff has failed to mitigate damages, if any, in the manner and to the extent required by law.

## SIXTEENTH DEFENSE

TMS is informed and believes and on that basis alleges that no additional warnings would have or could have prevented the alleged incident, injuries, loss and damages alleged by plaintiff.

## SEVENTEENTH DEFENSE

TMS is informed and believes, and on that basis alleges that neither plaintiff's Complaint nor any purported cause of action alleged therein states facts sufficient to entitle plaintiff to an award of punitive damages against TMS.

## EIGHTEENTH DEFENSE

Plaintiff is not entitled to collect an award of punitive damages from TMS because an award of such damages could violate the due process, equal protection and excessive fines clauses of the Georgia and United States Constitutions.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia jury instructions would be unconstitutional since they do not provide constitutionally adequate substantive standards for determining liability for or the appropriate amount of punitive damages, which violates TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## TWENTIETH DEFENSE

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury may award punitive damages against TMS even if TMS has not engaged in intentionally malicious conduct or has no actual knowledge of malicious conduct, in violation of TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## <u>TWENTY-FIRST DEFENSE</u>

Plaintiff's claim for punitive damages cannot be sustained because Georgia law regarding the standards for determining liability for and the amount of punitive damages fails to give TMS prior notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## <u>TWENTY-SECOND DEFENSE</u>

Plaintiff's claim for punitive damages cannot be sustained because under Georgia law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to insure that the  award is rationally related to the state's legitimate goals of deterrence and retribution, which violates TMS's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section I, Paragraph I of the Constitution of the State of Georgia.

## <u>TWENTY-THIRD DEFENSE</u>

Plaintiff's claim for punitive damages cannot be sustained because an award of punitive damages under Georgia law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of

the punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by applicable standards of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth and corporate status of TMS; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; or (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Accordingly, this would violate TMS's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process and equal protection provisions of the Constitution of the State of Georgia and would be improper under the common law and public policies of the State of Georgia.

## TWENTY-FOURTH DEFENSE

Some or all of plaintiff's claims may be preempted by applicable federal law.

WHEREFORE, TMS prays that plaintiff's Complaint be dismissed; that judgment be rendered in favor of TMS; that plaintiff recover nothing in this action from TMS; that plaintiff be assessed with all costs of this action incurred by TMS; that TMS be afforded a trial by jury comprised of twelve jurors; and that TMS has such other and further relief as this Court deems just and proper.

This 10th day of June, 2016.

KING & SPALDING LLP

/s/ Anneke J. Shepard
Harold E. Franklin, Jr.
Georgia Bar No. 273416
Anneke J. Shepard
Georgia Bar No. 545247
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 572-4600

*ATTORNEYS FOR TOYOTA MOTOR SALES, U.S.A., INC.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 7.1(D) of the Local Rules of the Northern District of

Georgia, the undersigned hereby certifies that the foregoing was prepared in a font

and point selection approved by this Court and authorized by Local Rule 5.1(C).

This 10th day of June, 2016.

/s/ Anneke J. Shepard
Anneke J. Shepard
Georgia Bar No. 545247

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which automatically send e-mail notification of such filing to any attorneys of record.

I hereby certify that on this date I mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants:

None.

This 10th day of June, 2016.


/s/ Anneke J. Shepard
Anneke J. Shepard

41